Carr, J.
The declaration describes the covenant, as submitting all matters in difference between the parties, to the arbitrators. Upon oyer prayed, the bond of submission is set out in hcec verba, and it appears to be a bond for the submission, not of all matters in difference generally, but of the matters of difference arising out of the killing a parcel of hogs. If the defendants had intended to take advantage of this variance, the proper mode, as prescribed by the books on pleading, would have been, after oyer, to have demurred for the difference between the covenant described, and that set out. 1 Chitt. Plead. 415. Instead of this course the defendants after oyer, pleaded that the arbitrators made no award of and concerning the premises in the covenant mentioned. The plaintiff replied setting out the award and charging the non-performance of the award as a breach of the covenant. To this there was* a general demurrer, which being overruled, the defendants pleaded covenants performed; and on the trial of that issue, moved to exclude the bond. The court overruled the motion: and, without touching the general question whether the variance was material, I think the court was right, upon the ground, that the defendants by their oyer, made the bond a part of the record, indeed, (the books say) a part of the declaration; and could not afterwards object to its going to the jury. It was to the bond set out that they pleaded. 1 Chitt. Plead. 420. 1 Wms. Saund. 316. Jeffery v. White, 2 Doug. 476. *497 Ld. Raym. 1541. Cro. Car. 209. Therefore, upon the first point, 1 think there was no error m the hustings court.
This, indeed, was not the point on which the superiour court reversed the judgment. It says, “it seems to the court here that the said judgment is erroneous in this, that the appellee’s replication to the appellants’ plea, and the matters therein contained, are not sufficient in law, for the appellee to have and maintain his action,” &cc. in other words, that there was no good award. This is the serious question ill the cause.
Two objections were taken to the award; 1. that it was not mutual; 2. that it was of matters not submitted, and so beyond the authority of the arbitrators. This last T think is the only question which need be considered: for the only object of the mutuality here spoken of, is, that by a compliance with the award, both parties shall be discharged, and all matters settled; and, in the case before us, if the arbitrators had power to award that the defendants should pay the money to the plaintiff, a payment under the award would discharge the bond of submission, and clear them forever of the demand.
The question then is, did the arbitrators overstep the limits of their power ? Our cases as well as the english say, that awards are to be liberally and favourably construed; that all the provisions of the statutes of jeofails apply strongly to those judgments given by this domestic forum, these judges of the parties own choosing. Thus in Richards v. Brockenbrough, this court said “ Every thing is to be presumed in favour of awards.” Let us look at the submission. Who are the parties submitting? “Archibald Armstrong of the one part, and Richard and Archibald Armstrong of the second part.” They say “ a dispute has taken place between the said parlies in relation to killing a parcel of hogs in Richmond, and the 'parties being desirous of settling the matter of difference between them &c. have chosen O. M. and F. A. M. to settle all difference between the said parties, and fix the amount to be paid to either party,” &c. To be *498 paid to either party, by whom ? by the other party, of necessity—there are but two parties j A. A. the one; R. and 4. A. the other. The arbitrators say, “ On settlement of accounts, between A. Armstrong &f Co. as per bond &c. it appears that A. Armstrong junior is indebted to A. Armstrong senior, 127 dollars, that is, allowing said A. A. junior, all the lard taken or made by said firm—And whereas R. A. one of the parties to the said bond, has sued A. A. senior on his own account &c. we do order and award, that 16 dollars and half the costs, shall be deducted out of the balance due A. A. senior, and the balance to be paid over to him by the above parties,” &cc. The objection (as I understood it) is, that the arbitrators, after finding that A. A. junior owed this money, have awarded, that he and R. A. shall pay it—and also have undertaken to arbitrate concerning a demand of R. A. in his own right, against A. A. senior. As to the first, T did not understand it to be charged as misbehaviour, or partiality in the arbitrators, to direct R. A. to pay the debt of A. A. junior: and how could it be going out of the submission ? Richard and Archibald junior make but one party: and they bind themselves to pay whatever shall be adjudged to the other partyj not that Archibald junior shall pay what he may owe, and Richard what he may owe, but that they two, as one party, shall pay—■ Why did Richard join with Archibald junior ? Surely, either as a part of the firm, on which Archibald senior had this demand, or as surety for Archibald junior. In either capacity, it was proper that the award should bind him to pay as this court said in Richards v. Brockenbrough. We are also to make all fair presumptions in favour of the award. Must we not then presume, that the arbitrators had before them unquestionable evidence, that R. A. was bound (either as principal or surety) for this debt? Can we presume, that they would say A. A. junior alone owes this debt, yet we will make R. A. jointly liable with him ? This would be to presume against, instead of in favour of, their award. Again j is not this presumption assisted by the fact, that after *499 the award was rendered, the parties all signed and sealed it, and the arbitrators attested this. Was not this a sort of assent to the award ? If Richard had been unjustly and contrary to his submission, awarded to pay the debt of A. A. junior, would he not at once have revolted ? As to the 16 dollars private debt of Richard, if we say he was bound for the whole 127 dollars to Archibald, senior, this part of the award is wholly in his favour, and he cannot object; in his favour, because it gives him a judgment for his whole demand, and makes it a discount from the 127 dollars, which he is awarded to pay.
The other judges concurring, the judgment of the circuit court was reversed, and that of the hustings court affirmed.