Allen, P.
Prior to the Code of 1849, summary-remedies were given by various statutes for the re *659 eovery of claims due to the commonwealth, and for many claims due to individuals by motion on ten days’ notice. The revisors seeing that these proceedings had worked well, proposed to extend the remedy by motion on notice to all cases in which a person was entitled to recover money by action on contract. The motive for such extension was to simplify and shorten pleadings and other proceedings. To obviate the objection that judgments for debts generally, should not be rendered so promptly, as in those cases wherein by the existing laws judgments were allowed by motion, they suggested that the notice of a motion for a judgment for such debts should be longer, and that as it required two or three months to get an action on the docket, two or three months’ notice of such a motion could be required. In accordance with these views they reported a section allowing such motions. The plan recommended underwent some modifications in the legislature, and as modified is found in the Code, ch. 167, § 5, p. 640, to be taken in connection with some other provisions of the Code bearing upon the subject and necessary to be looked to for the purpose of ascertaining the intention of the legislature. The section referred to allows “ any person entitled to recover money by action on any contract, by motion before any court which would have jurisdiction in an action otherwise than under the 2d section of the 169th chapter, p. 641 of the Code, to obtain judgment for such money after sixty days’ notice, which notice shall be returned to the clerk’s office of such court forty days before the motion is heard. A motion under this section which is docketed under the 1st section of chapter 177, p. 670, shall not be discontinued by reason of no order of continuance being entered in it from one day to another, or from term to term.” The 1st section of chapter 177 directs that before every term of the General court or a Circuit court and every *660 quarterly term of a County and Corporation court, the clerk shall make out a docket of the following eases pending, to wit: First, cases of the commonwealth; and secondly, motions and actions in the order in ■ which the notices of the motions were filed, or in which the proceedings at rules in the actions were terminated, docketing together as new cases, those not on the docket at the previous term. He shall under the control of the court set the cases to certain days, and the docket shall be called, and the cases on it tried or disposed of for the term in that order. The provision as to making out the docket is substantially the same as that contained in the 1 Rev. Code 1S19, p. 507, § 76, varied so far as was nécessary to provide for motions. The law then as now provided that the docket was to be made out before the term, and it followed that no cause could be put on the docket in which there was an office judgment, unless such office judgment had been obtained before the term; and where the office judgment was obtained on the same day the term commenced, the cause could not be put upon the docket at that term. White v. Archer, 2 Va. Cas. 201; Green v. Skipwith, 1 Rand. 460.
In regard to cases of that description, where there is an office judgment, it was not pretended in argument that the case could be placed on the docket unless the office judgment was obtained before the term. This results as well from the provision requiring the docket to be made out before the term as from the law giving the defendant until the next term after the office judgment was confirmed, to set it aside. The provision requiring the docket to be made out before the tenn applies as well to motions as to actions: the phraseology used is the same as to both; they are treated as cases pending, because they have been matured for their position on the trial docket before the term, by the service and filing of *661 the notice in the time prescribed, where the proceeding is by motion; by the confirmation of the eonditional judgment at rules where the proceeding is action at the common law. The object had in view was, as suggested by the revisors, to simplify and shorten pleadings and other proceedings; and this was to be effected by substituting the notice for the writ and pleading in the common law action. It was not the intention of the legislature, as it is disclosed by the various provisions recited above, to empower parties to mature cases during the continuance of the term. The revisors had adverted to the time required, two or three months, to get an action on the docket; and referred it to the legislature to determine how long the defendant should have notice of a motion, as I understand their suggestion, to accomplish the same object, of getting the motion on the docket. The legislature, from analogy to the time usually required to get an action on the docket, fixed the time of the notice at sixty days, to be filed forty days before the motion is heard.
By this construction the symmetry of the system is preserved. The law is general; applicable to all the circuit courts and the quarterly terms of the county and corporation courts. The circuit courts are held semiannually, and where the proceeding is by action, it must be matured for a place on the docket before the term; and it is apparent the legislature did not contemplate that when the proceeding was by notice, it could be commenced and matured during the term. The circumstance could occur only in regard to the courts of the city of Richmond; and there is nothing indicating an intention to afford suitors in that court an advantage over those in the other circuit courts. That it was not intended to place notices of this kind on the footing of the usual ten days’ notice, is manifest from the fact that the notice was to be given sixty *662 days and filed forty days; that it was to be docketed before the term, and that in the county and corporation courts, the notices provided for by § 5 of ch. 167, and actions, are made cognizable only at the quarterly terms. Code, ch. 157, § 4, p. 610. In the last particular the section reported by the revisors gave jurisdiction to the county and corporation courts at the monthly terms. It was changed in the legislature; and from the terms used in the law referring to this new proceeding for the recovery of debts generally, then first provided for, and making it and actions at law cognizable only at a quarterly term, the intention is manifested to maintain the agreement between these two modes of proceeding as to the time of docketing and trial. Great inconvenience would follow from any other construction. The clerk before the term is to make out the docket of the cases pending, and set them to certain days, and the cases are to be tried or disposed of for the term in that order, unless for good cause the court should take up any out of term.
A certain time is allowed before the term to get the case on the docket that the defendant may prepare for a trial; and it is set to a certain day on the docket, that he may know when to summon his witnesses. But if a case may be matured during the term, there is no provision for placing it on the docket; and there would be no propriety in hearing it on the day named, so as to interrupt the regular calling of the docket, and so to give a preference over cases entitled from their place on the docket to a priority. The case would have to be called on the day named, and continued to some day at the end of the days set, or the defendant would be required with his witnesses to be constantly in court to be ready whenever at some leisure iuteryal the case should be called up for trial.
The legislature, I think, never contemplated such a proceeding; and an examination of the various pro *663 visions contained in the Code has satisfied me that the only object was to simplify the pleadings; but that a proceeding of the kind authorized by ^ 5 of ch. 167, must be in a condition to be docketed before the term to authorize the court at that term to give judgment. When so docketed it is a case in court; and by the last clause of the section shall not be discontinued by reason of no order of continuance being entered in it from one day to another or from term to term. The object of this clause, like the other provisions of these laws, is to keep up the analogy between the two modes of proceeding. The docketing supersedes the necessity of calling and continuing the motion, and it remains like actions at law, a case in court to be called, and disposed of in the regular calling of the docket.
I think the court erred in overruling the motion of the defendant to remove the motion from the docket, as set forth in the first bill of exceptions taken by the defendant, and in proceeding to hear and render judgment on said motion, being founded on a notice bearing date on a day after the commencement of the term at which the motion was heard and judgment was rendered. The judgment should be reversed, and the cause remanded for the notice to be docketed and cause proceeded in.
The other judges concurred in the opinion of Allen, P.
Judgment reversed.