# WHEELING.

### THOMPSON'S EXORS., FOR, &c. *v.* BOGGS.

8  63
60 560

#### July 17, 1874.

1874.
June Term.

I. If a declaration contains two or more counts, and the defendant appears and demurs to the declaration, and the declaration contains one good count, though the others be bad, the demurrer should be overruled.

2. T. and A., executors, &c., sue B. and R., in debt; the declaration in the early part demands the sum of $4,845, and after demanding that amount, it proceeds to count, *first*, in the usual form upon a single bill, alleged to be made by B. and R. to T. and A., executors, &c., on the 16th day of October, 1865, payable six months after date, for $2,420.50, with interest from date, "being part of the sum of money above demanded;" and, *second*, to count in the usual form upon a single bill alleged to be made by B. and R. to said T. and A., executors, &c., on the 16th day of October, 1865, for $2,422.50, payable twelve months after date, with interest from date, "being the residue of the sum above demanded." The declaration then alleges that B. and R., or either of them, have not paid T. and A., (plaintiffs,) the sum of money first above demanded, or any part thereof, &c. B. appears to the action and craves oyer of the single bills in the declaration mentioned; oyer is granted and the single bills are read to him. B. then demurs to the declaration, because of a variance between the single bill first counted on in the declaration and that produced in support thereof, on oyer, of $2. There is no variance between the second single bill counted on in the declaration and the single bill produced, upon oyer, in support thereof; and the aggregate of the two single bills produced is the same amount as that first demanded in the declaration.—HELD:

That the declaration, as framed, contains two counts or distinct matters, and as there is no variance as to the second count or distinct matter, it was not error in the court below to overrule the demurrer to the declaration.

3. After defendant B. had appeared and demurred to the declaration, and the demurrer had been overruled, and B. had pleaded pay-

ment, by him, of the debt in the declaration mentioned, and issue was thereon joined, and B. had withdrawn his plea of payment, but on the same day, defendant R. appeared in court to the cause, and "moved the court to quash the return of service on process as to him," and the court overruled the motion; but no bill of exceptions to the opinion of the court, signed by the judge thereof, in overruling the motion, appears in the record.—HELD:

> That, in the condition of this case, the appellate court will take it that the motion, if admissible at all under the circumstances of the case, was properly overruled, as the defendant did not except, properly, to the action of the court. His acquiescence in the action of the court in overruling his motion, if the motion were admissible at all, must be presumed; and as there may have been good reason for the overruling of the motion, that reason must be taken to have existed, as he did not call on the court to sign a bill of exceptions, in which its reasons could have been stated.

Appeal, operating as a *supersedeas*, granted on the petition of the defendants below, from a judgment of the circuit court of Wood county, rendered on the 27th day of March, 1873, in a suit therein pending, wherein Edward Tracewell and M. P. Amiss, executors of James Thompson, deceased, who sued for the use and benefit of Edward Tracewell, were plaintiffs, and F. C. Boggs and J. H. Robinson, defendants.

The following is a copy of the declaration filed in the suit:

"Edward Tracewell and M. P. Amiss, executors of James Thompson, deceased, who sue for the use of Edward Tracewell, complain of F. C. Boggs and J. H. Robinson, who are duly summoned, &c., of a plea that they render unto said plaintiffs forty-eight hundred and forty-five dollars, which they owe and unjustly detain from said plaintiffs: For that, whereas, the said defendants heretofore, to-wit, on the 16th day of October, 1865, at the county aforesaid, made their certain single bill, sealed with their seals, the date whereof is the day and year aforesaid, whereby, six months after date, they promised and bound themselves, and their heirs, to pay Edward Tracewell and M. P. Amiss, executors of James Thompson, deceased, two thousand four hundred and

twenty dollars and fifty cents, with interest from date, being part of the money above demanded ; and, also, for that, whereas, the said defendants, heretofore, to-wit, on the 16th October, 1865, at the county aforesaid, made their certain other single bill, sealed with their seals, the date whereof is the day and year last aforesaid, whereby, twelve months after date, they promised and bound themselves, and their heirs, to pay to Edward Tracewell and M. P. Amiss, executors of James Thompson, deceased, two thousand four hundred and twenty-two dollars and fifty cents, with interest from date, being the residue of the sum first above demanded. Yet the defendants, or either of them, although often requested, have not paid to the said plaintiffs, or either of them, the said sum of money first above demanded, nor any part thereof, but the same, or any part thereof, so to pay, have hitherto refused, and still refuse, to the damage of the plaintiffs $20; whereof they bring their suit, &c."

The following are copies of the single bills, or instruments, upon which the suit was founded, and the same mentioned in the said declaration :

"$2,422.50.

Six months after date we promise and bind ourselves and heirs to pay Edward Tracewell and M. P. Amiss executors of James Thompson, deceased, two thousand four hundred and twenty-two dollars and fifty cents, with interest from date. As witness our hands and seals, the 16th day of October, 1865, being first deferred payment for a tract of land.

F. C. Boggs.　　　　[　　]
J. H. Robinson.　　[seal.]"

" $2,422.50.

Twelve months after date we promise and bind ourselves and heirs to pay Edward Tracewell and M. P. Amiss, executors of James Thompson, deceased, two thousand four hundred and twenty-two dollars and fifty cents, with interest from date. As witness our hands

9

1874.
June Term.

Thompson's
Exors., tor, &c.,
.v.
Boggs.

and seals, this 16th day of October, 1865, being 2d deferred installment for a tract of land.

F. C. BOGGS.          [          ]
J. H. ROBINSON.       [          ]"

The first bond before mentioned, contained several en<sup>t</sup> dorsements of payments, thereon, not necessary to se forth here.

The defendant Boggs craved oyer of the single bills in the declaration mentioned, and demurred to the declaration, which demurrer the court overruled; and thereupon he excepted and his exception was saved, by bill of exceptions, duly signed and sealed.

On the following day Boggs withdrew his plea of payment theretofore pleaded, and Robinson moved to quash the return of service as to him, which motion the court overruled, and he excepted, and his exception was signed, sealed, &c. This is the language of the printed record, though no bill of exception, in form, is found therein.

Neither party requiring a jury the court proceeded to render judgment against the defendants for the sum of $4,845, with interest thereon, at 6 per cent. per annum, from the 16th day of October, 1865, until paid, subject to sundry credits, not necessary to here insert, and the costs.

The return of service on the defendant Robinson was as follows:

"Executed June 1st, 1872, by delivering an office copy of the within to the wife of J. H. Robinson and explaining purport of same, at *her* her usual place of abode, said Robinson not being found at his usual place of abode in Wood county.

J. H. SPENCER, Deputy,
For W. J. HILL, S. W. C."

The other facts appear in the opinion of the Court.

The Hon. John Blair Hoge, judge of the third judicial circuit, presided at the trial below.

*John A. Hutchinson, Jr.,* for the appellants.

*Caleb Boggess,* for the appellees. .

HAYMOND, PRESIDENT:

This is an action of debt. The writ demands of defendants $4,845 debt, and damages, $20. The declaration, in the early part thereof, demands of the defendants the same amount of debt as the writ, and the damages are stated at the close of the declaration at $20. The declaration, after demanding the said amount of debt, then proceeds to count *first,* in the usual form, upon a single bill alleged to be made by the defendants to the plaintiffs on the 16th day of October, 1865, payable six months after date, for $2,420.50, with interest from date, "being part of the money above demanded;" and *second,* to count in the usual form, upon a single bill alleged to be made by the defendants to plaintiffs, on the 16th day of October, 1865, payable twelve months after date, for $2,422.50, with interest from date, "being the residue of the sum above demanded." The declaration then proceeds to allege that the "defendants, or either of them, have not paid the plaintiffs, or either of them, the said sum of money first above demanded, nor any part thereof," &c.

The declaration was filed at June rules, 1872, being the rules to which the summons was returnable and returned by the proper officer.

At June rules the plaintiffs, on filing their declaration, took a conditional office judgment against the defendants, and at July rules thereafter, the conditional judgment was confirmed.

Afterwards, at a circuit court of the county of Wood, on the 26th day of March, 1873, the plaintiffs and defendant Boggs appeared in court, by their attorneys, and Boggs craved oyer of the two single bills in the declaration mentioned, which was granted by the plaintiffs, and the same with the endorsements thereon were read to him;

and thereupon Boggs, by his attorney, demurred to the declaration, which demurrer the court overruled. Boggs then pleaded that he had well and truly paid the debt in the declaration mentioned, to which plea the plaintiffs filed a general replication, and issue was thereon joined.

On the next day, to-wit: on the 27th day of March, 1873, came the parties, by their attorneys, before the court, and defendant Boggs withdrew his plea of payment, and thereupon the defendant Robinson "moved the court to quash the return of service on process as to him," and the court overruled the motion, and neither party requiring a jury, the court, in lieu of a jury, proceeded to hear the evidence and to ascertain the amount the plaintiffs are entitled to recover in this action, and ascertained the same to be four thousand eight hundred and forty-five dollars, with interest at 6 per cent. per annum from the 16th day of October, 1865," subject to sundry credits, specifically named as to amounts and time of payment, in favor of plaintiffs against the defendants for said sum and interest as aforesaid subject to the credits aforesaid, and also for the costs of suit.

The appellants upon their joint petition to this Court obtained a *supersedeas* to said judgment. And it is now here insisted by the appellant's counsel that the circuit court erred in its judgment in the cause.

The *first* error assigned is that the court erred in overruling the demurrer of defendant Boggs to the declaration, because there is a variance in amount between the first single bill counted on in the declaration and the single bill produced to the extent of $2.00. The declaration evidently relies upon two several single bills payable at different dates, and it in fact contains two counts or two divisible matters. "If an action be brought on several bonds together (which may be done), the debt demanded should regularly be the aggregate of all the sums alleged to be due in the different counts ; an error herein, would seem, however, not to be fatal. 11 East

62. The declaration next proceeds to describe the several bonds in distinct counts; 1 Saunders, 288, note 1, and 2 Chitty 152; and concludes with an allegation of non payment of any part of the aggregate sum." Tuckers Commentaries, vol. 2, 100 ; Chitty on Pleading, 13th Am. ed. vol. 2, 439.

If a declaration contains two counts, and the defendant appears and files a demurrer to the declaration, and the declaration contains one good count—the demurrer should be overruled.—*The Duke of Bedford v. Alcock*, 1 G. Wils., 248 ; *Roe v. Crutchfield*, 1 H. & M., 361 ; *Whitney v. Crosby*, 3 Caines (N. Y.,) 89 ; *Gidney v. Blake*, 11 Johns. (N. Y.,) 54 ; *Monell v. Colden*, 13 Johns. (N. Y.,) 402 ; *Mumford, &c., v. Fitzhugh, &c.*, 18 Johns. (N. Y.,) 457 ; *Power v. Ivie*, 7 Leigh, 147 ; *Hollingsworth v. Milton*, 8 Leigh, 50. Where a defendant, by demurring to the whole declaration, affirms that the same is insufficient to maintain the action, and the plaintiff, by joining in the demurrer, denies such insufficiency, an issue in law is made up on the question whether, or no, there be matter enough in the declaration to maintain the action. If any one count be good, it follows, necessarily, that there is matter enough to maintain the action. The issue on the part of the plaintiff is sustained; and judgment should be given for him on the demurrer. Of this judgment the defendant has no right to complain. If he conceives a particular count to be bad, his obvious course is to demur to that count and affirm *its* insufficiency. The principle here laid down, it will be perceived from the terms in which it is stated, applies not only where there is a demurrer to a declaration containing several counts, one of which is good ; but it applies also, where there is a demurrer to a single count containing several breaches, one of which is well assigned ; or to a demurrer to a single count containing a demand of several matters which, in their nature, are divisible, and one of which is well claimed.—Robinson's Old Practice, vol. 1, 282–83–84, and the authorities there cited. The

first count, or distinct matter in the declaration in the case at bar, varies in amount with the single bill on which it is founded, $2. In no other respect do they vary. There is no variance, whatever, between the second count or distinct matter, and the single bill on which it is founded. The second count or distinct matter, therefore, is not bad, because of variance between it and the single bill, on which it is founded, but is good. The aggregate of the two single bills agrees with the demand in the first part of the declaration. And the demurrer being to the declaration, and not to each count or distinct matter thereof, or the count or distinct matter as to which the variance occurs, the circuit court did not err in overruling the demurrer to the declaration. If a declaration in debt be based on one single bill, and the defendant appears and craves oyer of the single bill, and it is granted, and there is a substantial variance between the single bill described and the one produced upon demurrer to the declaration, the demurrer will be sustained, because of such variance.—*Sterrett v. Teaford*, 4 Gratt. 84. But, if the defendant in debt on single bill or single bills, craves oyer of the same, and afterwards pleads to issue, he, by oyer, has made the single bill, or single bills, a part of the pleadings and record; and, if, after oyer is taken and granted, he pleads payment, he cannot, at the trial of the issue, object to the single bill or single bills as evidence, on the ground of variance between the single bill or bills and the single-bill or bills set forth in the declaration.—*Armstrong v. Armstrongs*, 1 Leigh, 491.

After defendant Boggs had appeared and set aside the office judgment, by demurring to the declaration, and the demurrer was overruled a defendant Boggs had filed his plea of payment and general replication thereto was made and issue joined; and also after said Boggs had withdrawn his plea of payment, but on the same day, the defendant Robinson appeared in court to the cause and moved the court "to quash the return of ser-

vice on process as to him." It does not appear that he
pointed out to the court or suggested wherein the return
of service as to him was defective, and as before stated,
the court overruled the motion. No bill of exceptions
to the opinion of the court in overruling the motion appears in the record. Nor is it claimed in argument that there is, or was, any bill of exceptions taken, signed, sealed and made a part of the record to the ruling of the court upon the motion. In this condition of the case this Court must take it that the motion was properly overruled, as the defendant did not except properly. His acquiescence in the action of the court in overruling his motion, if the motion were admissible at all under the circumstances, must be presumed; and as it is possible there may have been good reason for the overruling of the motion, that reason must be taken to have existed, as he did not call upon the court to sign a bill of exceptions, in which its reasons would have been stated. A contrary practice would lead to absurdity and mischief. See opinion of judge Tucker, who delivered the opinion of the court in *White v. Toncray,* 9 Leigh, 352 and 353. This motion is not embraced by the fifty-sixth section of chapter one hundred and twenty-five of the Code of West Virginia. If the return of service is either technically or substantially defective it was competent for the sheriff to amend his return at the time the motion was made and overruled, and it may be that an offer to do so was made in the court below and dispensed with or waived by defendant Robinson. However, this Court cannot, in the state of the record, know whether such was the fact or not. But we do know that if the court had been asked to sign a bill of exceptions to its opinion, in overruling the motion, it could, and in all probability would, have stated, therein, its reasons therefor, which might have been such as to clearly show its action to be right. As the case is presented to us, by the record, we do not feel authorized to say that the court erred in overruling said motion. The record

shows that the court in lieu of a jury, (neither party demanding a jury,) proceeded to hear the evidence and to ascertain the amount the plaintiffs were entitled to recover, and the court did ascertain the amount as before stated and rendered judgment therefor and the costs.

No objections were taken to the evidence heard by the court. No motion was made to set aside the judgment and finding of the court for any cause or reason, by either defendant. We do not see any error on the face oft he judgment. We cannot therefore say that it was error for the court to render the judgment upon the declaration and proofs,as claimed by the appellants. It is true that on one of the single bills there is an endorsement signed "Edward Tracewell" that "two hundred dollars of this note is for the use of Henry J. Boggs, that amount being paid by him, May 3, 1871." This seems to be a credit, and is endorsed with the other credits, and it is allowed by the court in the judgment. This endorsement in its form and the state of the pleadings and of the record, (if it would in any case) cannot affect the right of the plaintiff to sue as they have sued.

For these reasons, the judgment of the circuit court of the county of Wood, rendered in this cause on the 27th day of March, 1873, must be affirmed with damages according to law. And the appellees must recover their costs in this Court expended against the appellants.

Paull and Moore, Judges, concurred—Hoffman, Judge, dissented from so much of the foregoing opinion as ascertains that this Court, in the absence of a bill of exceptions to the opinion of the court below in overruling the motion of defendant Robinson to quash the return of service of process, as to him, will presume that Robinson acquiesced in the ruling of the that court upon the motion, and, that the court acted properly and rightfully in overruling the same; and he filed the following opinion:

HOFFMAN, JUDGE:

When a defendant moves a court to allow a sheriff to amend his return on a summons in debt, and shows cause to sustain the motion, and the sheriff does amend the return, I think that the motion and amendment—or at any rate the return as amended—should be in some way entered on the record; and that, if neither the motion, the leave, nor the amendment itself, appears on the record an appellate court cannot assume that such proceedings were had.

In this case, manifestly, with the aid of counsel, the circuit court by its clerk, undertook to state in the record what was done in the case on the subject in question; but it is entirely silent as to any proceedings relative to the return on the summons.

JUDGMENT AFFIRMED.