# CHARLESTON.

COUNTY COURT OF TUCKER COUNTY v. MILLER.

34 791|
60 560|

Submitted January 21, 1891.—Decided March 7, 1891.

NOTICE—MOTION—SHERIFF—SURETIES,
   A notice of a motion against a sheriff and his sureties for judgment in favor of a county for moneys due from the sheriff for collection of county-levy and road-levies is not bad because of its joining those two kinds of levy as grounds for a motion.

*A. B. Parsons* for plaintiff, in error, cited Code, c. 121, ss. 4, 5 ; Murf. Off. Bonds, c. 16, §§ 516, 518, 522 ; 1 Call 443 ;

Id. 53; 4 Min. Inst. P't. 2, 1091, 1092; 3 Gratt. 192; Bart. Pr. 331; 15 Gratt. 172; 27 Gratt. 612; 22 W. Va. 309–313; Code, c. 39, s. 9; Const. Art. X § 7; 33 W. Va. 789; Code, c. 43, s 22; Id. s. 12.

*W. B. Maxwell* and *P. Lipscomb* for defendants in error, cited 28 W. Va. 758; 2 Tuck. Comm. 205, (s. p.); 4 Min. Inst. P't. 1, 366, 367; 6 Gratt. 130; Code, c. 39, s. 29; Code, c. 43, s. 12; 33 W. Va. 789.

Brannon, Judge:

The County Court of Tucker gave a notice to M. V. Miller, late sheriff, and the sureties in his bond, of a motion before the Circuit Court of that county for judgment in its favor for moneys alleged to be due from the sheriff for taxes collected; and, the Circuit Court having quashed the notice, the County Court sued out a writ of error.

It is unnecessary to refer to the authorities as to the form and certainty of notices of motion to show that they are treated with liberality, for no objection is made to the certainty of this notice, and it seems to be amply sufficient in that regard. The only point made here for the appellees is as to what is called in the brief of counsel "misjoinder of action in the notice." The notice alleged that a certain sum was due from the sheriff for county-levy, and certain separate sums for road-taxes in several districts specified, and warned the defendants that the County Court would move for judgment for a certain sum, being the aggregate amount due from the sheriff for all said sums.

A notice of a motion is not technical process in a common-law action. It is not itself the motion, for that is made in court; but is simply a warning that such motion will be made, specifying the ground of such motion. Therefore I think that under this one notice there might have been several motions; in other words, a separate judgment for each separate cause.

In *Segouine* v. *Auditor*, 4 Munf. 398, it was held that notice of a motion for judgment against a sheriff for the amount of his receipts for sundry executions for fines is sufficient without mentioning the separate amount of each

execution or the aggregate. It was admitted by the distinguished lawyer, Wickham, that one notice would do. In *Hendricker* v. *Shoemake*, 3 Gratt. 197, it was held that one joint notice to a constable and sureties, upon default of the constable in several cases, is sufficient, and separate judgments should be given.

In this case any liability which may exist is based on one bond; the moneys, whether due for taxes for general county purposes or road purposes, are due to the same party and from the same parties. If even a judgment for all *in solido* were rendered, what part would belong to the county, what to the district for roads, would be a matter of account. Is that a matter material to defendants? The County Court levies and disburses both levies from a common treasurer. But it is easy to obviate any confusion as to the amounts found due for county-levy and the several levies for district road purposes by recital in the judgment or separate judgments.

Let us suppose that, instead of proceeding by motion, an action of debt on the bond were resorted to. Would it be necessary to bring separate actions? I think not. One action—the declaration assigning several breaches—would certainly be proper, the liability arising on one bond, and between a plaintiff entitled to all the moneys due against defendants liable for all such moneys alike. This is surely common practice. One declaration, assigning separate breaches of the condition of the bond, arising from different constable's receipts, is very common. Can not several demands between same parties be joined in debt or *assumpsit* and other actions? It will not do to say that such joinder can be tolerated in formal actions, but must be denied in a notice, even if the doctrine stated above, that one joint notice would do for several grounds of motion calling for separate judgments, were incorrect. I think there is reason for more liberality as to notices.

The judgment is reversed, and case remanded to the Circuit Court for further proceedings.

REVERSED.    REMANDED.