Opinion.

# Wytheville.

HANKS v. LYONS AND OTHERS.

AUGUST 1, 1895.

1. NOTICE FOR JUDGMENT UNDER SECTION 3211 OF CODE—*To What Day of Term May be Given.*—A notice of a motion for a judgment for money, under section 3211 of the Code, need not be given to the first day of the term of the court, but may be given to any day of the term, provided only the notice is served at least fifteen days before the day on which judgment is to be asked, and is filed in the clerk's office ten days before the term begins.

Error to a judgment of the Circuit Court of Pulaski county, rendered March 25, 1894, in a proceeding by motion wherein the plaintiff in error was the plaintiff and the defendants in error were the defendants.           *Reversed.*

The opinion states the case.

*Walker & Caldwell*, for the plaintiff in error.

*I. H. Larew*, for the defendants in error.

RIELY, J., delivered the opinion of the court.

Section 3211 of the Code of Virginia is as follows:

"Any person entitled to recover money by action on any contract, may, on motion before any court which would have jurisdiction in an action, otherwise than under section thirty-two hundred and fifteen,

obtain judgment for such money after fifteen days' notice, which notice shall be returned to the clerk's office of such court ten days before the commencement of the term. A motion under this section, which is docketed under section thirty-three hundred and seventy-eight, shall not be discontinued by reason of no order of continuance being entered in it from one day to another, or from term to term. This section shall not be construed as intended to affect the remedy by motion given by the preceding section."

The plaintiff in error proceeded under this section in the court below to obtain judgment upon a contract against the defendants in error. The term of the court commenced on March 19, 1894, and the notice was given—not to the first, but to the sixth day of the term. It was served on the defendants on March 7, 1894, and returned to the clerk's office of the court on the same day. It thus clearly appears that the notice was served on the defendants more than fifteen days before the day on which the motion for the judgment was to be made, and was returned to the clerk's office of the court more than ten days before the term of the court commenced. The notice was duly placed by the clerk on the docket, as required by section 3378, among the motions and actions matured for the docket at that term of the court. On the day of the term of the court to which the motion was given the defendants moved the court to quash the notice and strike the case from the docket, which motion was sustained by the court. To this judgment a writ of error was awarded by this court.

The ground upon which the defendants based their motion was that the notice was not served fifteen days before the term of the court commenced, it being contended that the notice must not only have been in a condition to be docketed at that term, but also so matured that judgment might be given on the first day of the term.

It is to be observed that the statute authorizes the court to render judgment on motion after fifteen days' notice, which notice shall be returned to the clerk's office of the court ten

days before the commencement of the term.   The statute
does not specify that the notice must be served fifteen days
before the commencement of the term, nor that it must be
given to the first day of the term.   If this was the intention
of the Legislature, it would have been easy to say so.   If it
intended that the notice should be matured for judgment as
well as for the docket before the term, it would have been
easy so to declare.   But no such intention is expressed in the
statute, nor does it contain anything from which such inten-
tion can be inferred.   The plaintiff in the notice complied
literally with the provisions of the statute, and was entitled
under his notice to move the court on the sixth day of the
term for judgment against the defendants.   The court plainly
erred in quashing the notice and striking the case from the
docket.

The case of *Hale* v. *Chamberlain*, 13 Gratt. 658, which
was relied on by counsel for defendants in error, does not sus-
tain his contention.   In that case the court held that the
notice could not be matured during the term, but that it
" must be in a condition to be docketed before the term to
authorize the court to give judgment at that term." 13 Gratt.
663.   It is plain from the reasoning of Judge Allen, who de-
livered the opinion of the court, that it did not mean that the
notice must be so matured before the term as that judgment
could be given on the first day of the term, but simply that
it must be matured for the docket before the term, by being
served and returned within the time prescribed.

Section 3378 of the Code, which is the same as when the
case of *Hale* v. *Chamberlain*, *supra*, was decided, directs that
before every term of a Circuit Court, and before every term
of a Corporation Court designated for the trial of civil cases
in which juries are required, the clerk shall make out a docket
of the following cases pending, to-wit:   First, cases of the
Commonwealth; second, motions and actions in the order in

which the notices of the motions were filed, or in which the proceedings at rules terminated, docketing together as new cases those not on the docket at the previous term.

The clerk, as is seen, is required to make out the docket before the term; and a notice like the one in question, in order that it may be heard at that term, must be in condition to be docketed before the term. In the case of *Hale* v. *Chamberlain, supra,* the notice was not only not returned before the term, but was not even served until after the term began. It could not therefore be put on the docket at that term, and the court necessarily held that it could not be heard at that term. But in the case at bar the notice had been served and returned and filed by the clerk on March 7, 1894, which was more than ten days before the commencement of the term. It was, therefore, in a condition to be docketed before the term, and, when docketed, it was a case pending in the court for a hearing on the day to which the notice was given. The two cases are wholly unlike, and the principle of that decision cannot govern this case.

For the foregoing reasons, the judgment of the Circuit Court must be reversed, and the said notice of the plaintiff in error reinstated on the docket for trial.

*Reversed.*