# CHARLESTON

KNOX v. HORNER.

Submitted September 8, 1905.    Decided October 24, 1905.

1. NOTICE OF MOTION FOR JUDGMENT—*Return.*

A notice of a motion for judgment for money due on contract, under the provisions of section 6 of chapter 121 of the Code of 1899, need not be returned to the clerk's office of the court in which the motion is to be made, twenty days before the commencement of the term at which the motion is to be heard.  (p. 138.)

2. NOTICE OF MOTION FOR JUDGMENT—*Return—Docket.*

Such notice must be filed in such clerk's office before the commencement of such term, so that it may be docketed under the requirement of section 1 of chapter 131 of said Code, else the right to have the motion heard at such term is not acquired; but the length of time between such filing and the commencement of the term is not prescribed.  (p. 139.)

Error to Circuit Court, Harrison County.

Notice of motion for judgment by John M. Knox against Vance L. Horner.  From an order quashing the notice and dismissing the proceeding, plaintiff appeals.

*Reversed.*

SPERRY & SPERRY, for plaintiff in error.

HARVEY W. HARMER, for defendant in error.

POFFENBARGER, JUDGE:

The circuit court of Harrison county having quashed a notice given by John M. Knox to Vance L. Horner of a motion for judgment on promissory notes, and dismissed his proceeding on said notice, which was given under section 6 of chapter 121 of the Code, said Knox has brought the case here on a writ of error.

The court certifies that the notice was served on the defendant Horner on the 3rd day of June, 1905, informing him that the motion for judgment would be made on the 3rd day of July, 1905, and was received by the clerk of the court and filed in his office on the 6th day of June, 1905, seven days before the commencement of the term and more than twenty days prior to the date specified in it as the time for moving the court for judgment.

In the opinion of the Court the proceeding was defective in this, that the notice had not been filed in the clerk's office

twenty days or more before the first day of the term at which the motion was to be heard. The statute provides that, upon certain demands, judgment may be taken on motion, after thirty days' notice thereof and the return of the notice to the clerk's office of the court twenty days before the motion is heard. It will be observed that the time fixed in this notice for the hearing of the motion was not the first day of the term but a later day within the term. This seems not to be regarded as important, the sole contention being that the notice should have been returned to the clerk's office at least twenty days before the first day of the term and docketed under the provision made by section 1 of chapter 131 of the Code.

The basis of this contention is found in the syllabus of *Hale* v. *Chamberlain,* 13 Grat. 658, reading as follows: "In a proceeding under the Code, chapter 167, section 5, p. 640, to recover money due upon contract, by notice, the notice must be returned forty days before the commencement of the term, and put upon the docket of the court, or it cannot be tried at that term." The statute referred to in that case is exactly like section 6 of chapter 121 of our Code, except as to the length of time required for service of the notice and return thereof to the clerk's office before the hearing of the motion. An examination and analysis of the opinion in that case shows that the defect in the proceeding was the giving of the notice after the commencement of the term at which the motion was to be heard, in consequence of which the clerk had had no opportunity to docket it, under the first section of chapter 177 of the Code of 1860, requiring the clerk to make out, before every term of court, a docket of the cases pending, and carried with it no worse consequence to the plaintiff than inability to demand a trial at the term to which the notice had been given. The court did not quash the notice and dismiss the action. This clearly appears from the conclusion and judgment of the court, stated by Allen, President, as follows: "The court erred in overruling the motion of the defendant to remove the motion from the docket, as set forth in the first bill of exceptions taken by the defendant and in proceeding to hear and render judgment on said motion, being founded on a notice bearing date on a day after the commencement of the term at which the motion was

heard and judgment rendered. The judgment should be reversed, and the cause remanded for the notice to be docketed and cause proceeded in." Nowhere in the opinion is it stated that the notice should have been returned to the clerk's office forty days before the commencement of the term and no language, importing this to have been the view entertained by the court, is to be found in the opinion. The explanation of this contradiction, apparent on the face of that report, lies in the fact that the syllabi in the cases then decided were not prepared by the court or the judges, but by a reporter, appointed by the court for the purpose of preparing the manuscript reports of the decisions for publication. Code 1860, chapter 166, section 1. The reporter simply misapprehended the ground, character and scope of the decision, and, by his erroneous statement in the syllabus, made the court appear to have decided what it did not decide. In *Hanks* v. *Lyons*, 92 Va. 32 (22 S. E. 813), Riley, Judge, reviews the case of *Hale* v. *Chamberlain* and reaches the conclusion above set forth as to what the court actually decided. He says: "The notice was not only not returned before the term, but was not even served until after the term began. It could not, therefore, be put on the docket at that term, and the court necessarily held that it could not be heard at that term."

As the notice, in respect to the time intervening between the service thereof and the hearing of the motion and between the return thereof to the clerk's office and the hearing of the motion, complies literally with the statute, nothing more should be required unless some good reason is shown therefor. No precedent for requiring more is found in *Hale* v. *Chamberlain* and nothing is urged in the brief except that the case must be matured for hearing before the commencement of the term, and this is based upon certain language used in the opinion in *Hale* v. *Chamberlain* and in *Higginbotham* v. *Hazelden*, 3 W. Va. 266, which must be read in the light of what was actually decided in those cases. What is said in the latter case emanated from the former, and what is decided there is simply that the case was not in a condition to be docketed for hearing at the term because the order of publication was completed, not before the commencement of the term, but on the first day of the term, a fact which

put the case in the class of *Hale* v. *Chamberlain*. Unless some good reason can be assigned for the inability of the clerk to docket the notice which was returned to his office seven days before the beginning of the term can be shown, the action of the court must be held to have been erroneous. We are unable to find such reason in the brief of counsel and also to perceive any. Section 1 of chapter 131 requires a docket to be made out before every term of court, including all pending cases. As this notice had been filed in the clerk's office seven days before the commencement of the term, it could have been docketed just as well as if it had been returned twenty days before the term. The statute is plain and certain in its terms and needs no construction beyond what is necessary to make it operate in harmony with other parts of the law. Its purpose is to provide a simple, informal, expeditious mode of recovering money due on contract, under which such a case may be matured for trial without professional aid, and its efficacy will be greatly impaired, if not wholly destroyed, and the legislative will defeated, if the courts engraft upon it latent technical rules and requirements. As to its character, see *Board* v. *Parsons*, 22 W. Va. 308; *White* v. *Sydenstricker*, 6 W. Va. 46; 4 Min. Inst. (Part 2) 1091.

As already intimated, such a defect in the proceeding as is charged would not call for the quashing of a notice and dismissal of the proceeding. It would only prevent the docketing of the case for, and trial thereof at, the term specified in the notice.

For the reasons given, the judgment will be reversed and the case remanded to the circuit court for further proceedings therein according to law.

*Reversed.*