# CHARLESTON

ANDERSON v. PRINCE & OTHERS.

Submitted June 8, 1906.   Decided November 20, 1906.

1. JUDGMENT—*Motion for Judgment—Notice.*

   A notice of a motion for judgment, under authority conferred by section 6 of chapter 121 of the Code, must indicate, with reasonable certainty, that the demand or obligation, which it is proposed to reduce to judgment, is that of the defendant; and, if it does not, the court should quash it on motion, made in proper time. (p. 559.)

2.  SAME—*Insufficiency of Notice—Oyer of Instrument.*
    Insufficiency of a notice of a motion for judgment, under said section, for the amount due upon a note not under seal, is not cured by the reading of the note as upon oyer thereof demanded. As profert cannot be made nor oyer demanded of an unsealed instrument, such a paper cnnnot be made a part of the pleadings in that way.  (p. 559.)

3.  SAME—*Quashing Notice.*
    Failure to comply with the statute in respect to the docketing of such a notice is not cause for quashing it.  (p. 560.)

4.  SAME—*Misdescription in Notice.*
    If the person giving such notice correctly describes himself therein as the payee of the note, the word "assignee," added to his signature to the notice, may be ignored as a mere misdescription of the person, not of the note, and will not sustain an exception on the ground of variance.  (p. 559.)

5.  SAME.
    Such addition does not vitiate the notice or preclude judgment in favor of the plaintiff in the capacity accorded him in the body of the notice.  (p. 560.)

Appeal from Circuit Court, Tyler County.

Action by P. H. Anderson against E. R. Prince and others. Judgment for plaintiff, and defendant A. T. Smith brings error.

*Reversed.    Notice Quashed.*

J. C. McCLUER, for plaintiff in error.

J. H. STRICKLING, for defendant in error.

POFFENBARGER, JUDGE:

In the circuit court of Tyler county, P. H. Anderson recovered a judgment, on motion, after notice, against A. T. Smith, for the sum of $976.23, with interest, to which judgment Smith obtained a writ of error.

The debt is evidenced by a promissory note, reading as follows:

"Friendly, W. Va., April 7th, 1904.  Ninety days after date I promise to pay to the order of P. H. Anderson, Nine Hundred Fifty Four Dollars.  $954.00.  Value received negotiable and payable at with interest.  The First National Bank of Friendly, W. Va.  Ed. R. Prince."

The following endorsement appears on the back of it:

"A. T. Smith." On the face of it the following memorandum is stamped: "July 6, 1904. Friendly, W. Va., protested for non-payment,"

Endeavoring to proceed under section 6 of chapter 121 of the Code, the plaintiff caused the following notice to be served on Smith;

"To Ed R. Prince and A. T. Smith: You are hereby notified that I will move the Circuit Court of Tyler County on the 9th day of August, being the first day of the next regular term of said Circuit Court, for judgment against you for the sum of nine hundred fifty four dollars ($954), with interest thereon from the 7th day of April, 1904, protest fees $1.25, and costs of such motion on a certain note in writing executed by you, Ed R. Prince, on the 7th day of April, 1904, and payable to me, ninety (90) days after the date thereof, the date being the day and year last herein named, and in the sum of nine hundred fifty four dollars ($954) with interest from its date, negotiable and payable at the First National Bank of Friendly, W. Va. At which time and place you may attend and show cause against such motion if you can. Respectfully, P. H. Anderson, Assignee."

On the 10th day of August, 1904, the notice was docketed, and on the 17th day of the same month, Smith appeared and moved to quash the notice, charging against it insufficiency in law. The order recites that, before so moving he craved oyer of the note and had the same read to him. The court overruled the motion and the dafendant plead that he did not owe the note and protest fee, for the amounts of which the plaintiff demanded judgment, and issue having been joined the case was continued until August 19, 1904, when the parties waiving a jury, the court heard the evidence and rendered the judgment complained of. No service of the notice on Prince having been returned, the order of August 17th recites abatement of the action as to him.

As the notice fails to connect Smith with the note otherwise than to apprise him of an intention to take judgment against him on it, the motion to quash should have been sustained. It does not aver that it is his note or that he signed, made or endorsed it, or indicate how he became liable to Anderson by reason of it.

It is unnecessary to repeat here what has been so often

said about the liberality with which the courts treat a proceeding by motion under the statute above mentioned. It suffices to refer to the decisions. See *Knox* v. *Horner*, 58 W. Va. 136; *County Court* v. *Miller*, 34 W. Va. 791; *Shepherd* v. *Brown*, 30 W. Va. 13; *Board* v. *Parsons*, 22 W. Va. 308; *White* v. *Sydenstricker*, 6 W. Va. 46; *Booth* v. *Kinsey*, 8 Grat. 560: *Segouine* v. *Auditor*, 4 Munf. 398; *Lemoigne* v. *Montgomery*, 5 Call. 528; *Drew* v. *Anderson*, 1 Call. 51; *Cookes* v. *Bank*; 1 Leigh 433; *Graves* v. *Webb*, 1 Call. 443; *Steptoe* v. *Auditor*, 3 Rand. 221.

According to all these authorities, the purpose of the notice is to acquaint the defendant with the grounds on which he is proceeded against, and must be so plain that he cannot mistake the object of the motion. In proceeding by notice, the formalities of summons, rules and declarations are dispensed with. The notice takes the place of the summons and declaration. In *Shepherd* v. *Brown*, JUDGE GREEN treats it as a pleading. So regarded, it should indicate, with reasonable certainty upon what obligation, demand or account judgment is sought; and, to say that it must show, in some intelligent way, that the demand or obligation, which it is proposed to reduce to judgment, is that of the defendant, is to require but little of the plaintiff and give the defendant the least protection that is consistent with safety to his interest.

Escape from this difficulty is attempted by reliance upon the recital of the demand of oyer of the note. On the authority of *Meredith's Admr.* v. *Duval*, 1 Munf. 77; *Van Matre* v. *Giles*, 1 Rob. 343; *Jarret's Admr.* v. *Jarret*, 7 Leigh 91; and *Thompson's Exrs.* v. *Boggs*, 8 W. Va. 70, it is contended that the reading of the note made it a part of the notice and was tantamount to an amendment. This position is untenable. "Profert cannot be made nor oyer demanded unless the declaration avers a sealed instrument." *Riley* v. *Yost*, 58 W. Va. 213. In all the cases above mentioned the actions were predicated on sealed instruments. The reading of the note, on oyer demanded, did not make it a part of the notice.

Other assignments of error are as follows: (1) failure to return the notice to the office of the clerk of the circuit court; (2) failure to docket the notice before the commencement of the term; (3) failure to docket it on the 9th day of August,

1904, the day designated for the making of the motion, and docketing it on the 10th day of August; (4) variance between the notice and the note produced in the description of the payee; (5) omission to describe the plaintiff as assignee in the order of August 10th; (6) rendition of judgment in favor of P. H. Anderson instead of P. H. Anderson, Assignee; (7) failure of the judgment to follow the notice by omitting to describe the plaintiff as assignee.

For the first there is no basis. The record shows the notice was filed in the clerk's office more than twenty days before the date named in it for the making of the motion. If the second and third are irregularities, they were waived by failure to ask a continuance. They constitute no ground for abatement or the quashing of the notice. *Knox* v. *Horner*, 58 W. Va. 136.

Addition of the word "Assignee" to the signature of Anderson in the notice could not have mislead the defendant. In view of the allegation in the notice that the note on which judgment would be asked had been executed by Ed R. Prince and made payable to Anderson. Smith must have known the plaintiff, by the use of the word "Assignee," had merely misdescribed himself. He could not have been both payee and assignee. At any rate, the use of that word did not misdescribe the note. Nor can we say the plaintiff sued as assignee, for there is no allegation in the notice that he held the note as assignee.

For the error hereinbefore noted, the judgment must be reversed, the notice quashed, the motion dismissed and judgment rendered here in favor of the plaintiff in error for his costs, both in this Court and in the court below, all of which will be certified.

*Reversed.     Notice Quashed.*