## CHARLESTON.

CITIZENS NATIONAL BANK *v.* ANNIE DIXON, *et al.*

Submitted May 8, 1923.    Decided May 15, 1923.

1. JUDGMENT—*Procedure to Obtain Judgment for Money Due on Contract by Motion Stated.*

Any person entitled to recover money by action on contract may obtain judgment by motion in a court having jurisdiction, after having given his debtor notice in writing of such motion for at least twenty days of the time and court in which the motion will be made, which notice shall be returned to the clerk's office of such court at least fifteen days before the time such motion is heard. (p. 24).

2. SAME—*Notice in Procedure to Recover Money Due on Contract by Motion Must be Filed Before Term, su as to Enable Clerk to Docket Cause.*

Such notice with the return of service thereon may be filed in the clerk's office at any time before the commencement of the term at which the motion is to be heard sufficient to enable the clerk to docket the same for trial. (p 24).

3. SAME—*Motion to Recover Money Due on Contract After Return of Notice May be Heard at Designated Day of Term, Notwithstanding Trial Calendar Docket.*

A person entitled to recover money on contract, who has given such notice of motion and returned and filed the same in the clerk's office in compliance with the statute, is entitled to have his motion heard and determined on the designated day of the term, or as soon thereafter as may be, notwithstanding a rule of the court which prescribes that five days prior to each regular term the clerk shall make up a "trial calendar docket" upon which all cases to be tried at that term shall be placed, and providing further that any party desiring his case tried shall at least fifteen days before the term give the clerk notice thereof, and only such cases shall be placed on the "trial calendar;" and that all other cases shall stand continued. (p. 24 ).

4. COURTS—*Power to. Prescribe and Enforce its Rules Includes Power to Interpret and Apply Them.*

The power of courts to prescribe and enforce rules, not unreasonable, oppressive or obstructive of rights, for the orderly and expeditious conduct of the court's business, includes the power to interpret and apply them. (p. 24).

5. JUDGMENT—*Essentials of Affidavit Filed With Notice of Motion to Recover Money Due on Contract Stated.*

The affidavit filed with a notice of motion as prescribed in sec. 6, chap. 121, Code, need not set out the causes of action stated in the notice; such affidavit is sufficient if it states that there is, as affiant verily believes, due and unpaid from defendant to plaintiff upon the demand or demands stated in the notice, including principal and interest, after deducting all payments, credits and set off made by the defendant, or to which he is entitled, a sum certain, naming it. (p. 24).

6. SAME—*Notice of Motion for Judgment for Money Due Must Set Out Good Cause of Action; Default Judgment on Motion for Judgment for Money Due, Where Notice Does not Set Out Good Cause of Action, Set Aside After Term.*

A notice of motion for judgment must set out a good cause of action with reasonable certainty. If it does not, and a default judgment is rendered thereon, such judgment should be set aside for that reason, after adjournment of the term of court, under the provisions of sec. 5, chap. 134, Code, as an error appearing upon the record. (p. 24).

Error to Circuit Court, Kanawha County.

Action by the Citizens' National Bank against Annie Dixon and others. Judgment for plaintiff, and defendants bring error.

*Reversed and remanded.*

*Charles L. Ice,* for plaintiffs in error.

*Mathews, Campbell & McClintic,* for defendant in error.

LIVELY, JUDGE:

This writ of error is to the judgment of the circuit court of Kanawha county entered on the 16th of September, 1922, which denied a writ of error to a judgment of the court of common pleas rendered on the 31st of May, 1922, overruling a motion by appellants to vacate and annul a default judgment rendered against them in the court of common pleas on the 11th day of February, 1922, for $373.64.

Plaintiff below served notice with affidavit attached on defendants on January 12, 1922, that it would move for judgment against them in the court of common pleas on February 4th following on a certain promissory note. This notice, with affidavit attached thereto and with the return of the sheriff thereon, was filed in the clerk's office on the 14th day of January, 1922. The following term of the court began on the 19th day of that month. On the 4th day of February, the date at which the motion was to be made, it was docketed by order and on motion of plaintiff continued until the 11th day of that month, when defendants, being called, came not, and the case was submitted to the court in lieu of a jury,

which found there was due plaintiff on the demand stated in the notice and affidavit the sum of $373.64; and judgment was rendered accordingly. On the 31st of May, 1922, at the following term of court, defendants, after due notice, moved the court to set aside and vacate the default judgment entered on the 11th of February, on the grounds (1) that the case was improperly and illegally on the trial docket of the court by reason of a rule of the court promulgated and in effect at that time; and (2) because the affidavit attached to the notice of motion for judgment was insufficient.

The rule of the court relied upon in support of the motion requires that the clerk, before each regular term, shall make up what is termed a "trial calendar docket" upon which shall be placed all cases which are expected to be tried at the term; and that the parties or their counsel desiring a case to be tried shall give notice thereof to the clerk, not less than fifteen days before the term; and that only cases in which such notice is given shall be placed upon the trial calendar, and all other cases shall stand continued. The rule also provides that it shall not interfere with the right of the court to modify the same in regard to cases having a preference under the law, or to comply with any requirement of the law in regard to the trial and disposition of cases, or where for good cause shown it appears to the court that an emergency exists for which a case should be taken out of the requirements of the rule. Did the court err in refusing to vacate the default judgment because of this rule? Under sec. 6 of chap. 121, any person who is entitled to a judgment for money arising out of contract, may obtain such judgment by notice of motion in the proper court, which notice must be served on the defendant at least twenty days before the time at which it will be made and which notice shall be returned to the clerk's office at least fifteen days before the time it is to be heard. It will be observed that this notice may be filed at any time before the beginning of the term at which the motion is to be made. It should be filed in the clerk's office before the term in order that it may be placed on the docket made up by the clerk for the term and set for trial in accordance with sec. 1 of chap. 131 of the Code. *Knox* v. *Hor-*

*ner*, 58 W. Va. 136; 51 S. E. 979.   If the rule referred to
be applied to notices of motion for judgment it would require
the plaintiff to give notice to the clerk fifteen days before the
term that he desired a trial on his notice of motion, which
possibly at that time was not in existence.   It would prevent
the fruition of a substantial right given to a litigant by this
summary and convenient method of obtaining judgment. All
that is required of him is that he serve his notice on the
debtor at least twenty days before the time set for making
the motion and that it be returned to the clerk's office at
least fifteen days before the time the motion is to be made.
Should a litigant desire to obtain judgment by notice of
motion after fifteen days before the beginning of the next
term of court this rule of court, if enforced, would prevent
him from taking that procedure, because he would not have
time to notify the clerk fifteen days before the beginning of
the term that he desired to try his case.   His note or de-
mand might not become due until after fifteen days before
the term.   Should he be precluded from judgment because
of this rule?   We do not think this rule would be applicable
to a notice of motion served and filed in the clerk's office in
accordance with the statute, less than fifteen days prior to the
beginning of the term.   The rule among other things is for
the expeditious conduct of business and that the clerk might
be advised of those cases which were expected to be tried,
so that he could place them upon the trial calendar and under
the direction of the court set them, respectively, for trial
on different days in the term in accordance with the require-
ments of sec. 1 of chap. 131 of the Code.   It was also to ad-
vise litigants that those cases which were placed upon the
trial calendar would be called for trial, or were expected to
be tried, and that they should make preparations therefor.
Would this latter reason apply to a notice of motion for judg-
ment?   The notice itself informs the defendant that on a
day certain the court will be moved to render judgment
against him for the demand stated in the notice.   He does
not have to go to the trial calendar docket to be informed
that his adversary is seeking judgment against him at the
next term of court and on a day certain.   It is well settled

that courts of general jurisdiction have power to prescribe and enforce rules for the orderly and convenient disposition of their business not inconsistent with positive law, nor unreasonable, or obstructive of rights. *Exparte Doyle,* 62 W. Va. 280; *Piano Co.* v. *Burgner,* 89 W. Va. 475. It is also well established that the power of the court to prescribe a reasonable rule also implies the power to interpret and apply it. The court of common pleas, by entertaining the motion and rendering judgment, and by subsequently refusing to vacate the judgment, as not in violation of that rule has interpreted it not to apply to actions on notice of motion for judgment. We said in the case of *Piano Company* v. *Burgner,* 89 W. Va. 475: "The interpretation placed upon a rule by the court adopting and promulgating it, will be followed by this court, unless such construction is in violation of the plain terms of the rule, or of some organic or statutory law."

The other ground on which the default judgment is sought to be vacated is that the affidavit attached to the notice of motion was insufficient on which to base the judgment. The reason assigned is that the affidavit fails to show as to the endorser, Annie Dixon, presentment, dishonor and protest or notice of dishonor of the note sued on. We think this ground is untenable. All that is required to be incorporated in the affidavit is that the plaintiff or his agent shall therein state distinctly the several items of plaintiff's claim, and that there is, as the affiant verily believes, due and unpaid from the defendant to the plaintiff, upon the demand or demands stated in the notice, including principal and interest, after deducting all payments, credits and set off made by the defendant, or to which he is entitled, a sum certain to be named in the affidavit. It is not necessary for the affidavit to set out the cause of action. That must be done in the notice which takes the place of summons and declaration. The affidavit is by the cashier of the bank, who says that he has charge of the collection of notes and debts due the bank and that, "as shown by the annexed notice, the said bank has a claim against the said Uriah Barnes and Annie Dixon, therein named, for the note, therein set out, amounting to

the sum of three hundred and sixty dollars and interest and protest fees as in said notice set out.'' The affidavit further says that there is, as affiant verily believes, due and unpaid from the defendants, naming them, to plaintiff, on the demands stated in said notice, including principal and interest from the 4th day of February, 1922, after deducting all payments and sets-off made by the said defendants, or either of them, or to which they or either of them, are entitled, the sum of $373.64. This affidavit follows the exact language of the statute; and we think it is sufficient to support the demands stated in the notice, if there be a sufficient demand therein stated. If there is a legal demand stated in the notice, then the affidavit to which our attention is directed, would be sufficient to support that legal demand. This impels us to examine the notice of motion for judgment to see if there is a cause of action stated therein to which the affidavit applies. It is a well established rule that a proceeding by notice of motion for judgment is viewed with indulgence, because it was intended to give a summary and speedy remedy to a litigant often without the aid of counsel. But while this is true, the rule is not carried to the extent of exempting the pleader from stating facts necessary to show a good cause of action against the defendant. The facts need not be stated with the exactitude and clearness of a common law pleading, but it is imperative that a cause of action must arise from the facts stated. *Pelley* v. *Hibner,* decided this term, not yet reported; *Hastings* v. *Grump,* 89 W. Va. 111; *Anderson* v. *Prince,* 60 W. Va. 557; *Shepherd* v. *Brown,* 30 W. Va. 21. The notice is treated as a substitute for summons and declaration, and it sufficiently performs the functions of a declaration if it indicates with reasonable certainty on what obligation, demand or account the judgment is sought. *Stuart* v. *Carter,* 79 W. Va. 92; 90 S. E. 537. The crucial question then is, does this notice of motion state a cause of action against defendants? It will be necessary to set out the notice, which is a follows:

''To Uriah Barnes and Annie Dixon:

You, and each of you, are hereby notified that the undersigned, The Citizens National Bank of Charleston, a Corpo-

ration, will move the Court of Common Pleas of Kanawha County, West Virginia, on Saturday the 4th day of February, 1922, being a day of the next regular term of the said Court of Common Pleas, for judgment against you, and each of you, for the sum of Three Hundred and Sixty ($360.00) Dollars, with interest from the 8th day of July, 1921, and the costs of this motion and protest fees amounting to $1.04, for money due on contract on a certain promissory note for the sum of Three Hundred and Sixty ($360.00) Dollars, bearing date on the 9th day of April, 1921, and payable to the order of the said Annie Dixon at said Bank ninety (90) days after date, and endorsed by the said Annie Dixon, which said note became due on the 8th day of July, 1921, and was presented during business hours at the said The Citizens National Bank and payment thereof demanded, but the same was not paid then and there, or at any time since, by you or either of you, or any one for you. Whereupon said note was duly protested and separate notices mailed to the maker and endorser, notifying them of said demand, non-payment and protest. No payment has been made on said note by you, or either of you, or any one for you, and the whole thereof, with interest from the 8th day of July, 1921, is now due and payable to the said The Citizens National Bank of Charleston, which is the owner and legal holder of said note.

At which time and place you, and each of you, may attend and show cause against said motion, if any you can.

The Citizens National Bank of Charleston, A Corporation."

It will be observed that this notice does not state any cause of action against Uriah Barnes. It says in substance that a judgment would be asked against him by reason of a promissory note, giving the amount thereof, and the date on which it was executed and payable and which is endorsed by Annie Dixon, and which was presented for payment and dishonor on its due date and notice thereof given to the maker and endorser. What right has Barnes to pay this note; what connection has he with it? For what reason does the bank ask judgment against him? He is not named as maker, in fact it is impossible to determine from the notice who is the maker of the note or to whom it was executed. Barnes is

neither maker nor endorser, so far as the notice goes. We suspect it was intended to state that Barnes was the maker of the note, that he was the primary obligor, and it may be that there was in the drafting of the notice a clerical error which omitted this fact, or it may be that there is some clerical error in the record which omits this important allegation or statement; but we must go by the record before us. We think the notice is defective because it does not state a cause of action against Uriah Barnes and against whom the joint judgment is rendered. Possibly it does state a cause of action against Annie Dixon, the endorser, but that is very questionable, and it is unnecessary to decide because if the judgment must be set aside as to Barnes it will also be vacated as to her. The notice to set aside and vacate a default judgment is authorized under sec. 5 of chap. 134 of the Code, and the court, in passing on a motion under that section sits as an appellate court over its own judgment and may reverse, amend or correct it in all respects the same as an appellate court. *Ferrell* v. *Camden,* 57 W. Va. 401. The statute expressly says that the court may reverse the judgment for any error for which an appellate court might reverse it. A proceeding by notice, although not a technical judgment by default is within the scope of this section. *Smith* v. *Knight,* 14 W. Va. 749. Where a notice of motion for judgment or a declaration does not state a good cause of action and a default judgment is rendered thereon, we think this is such an error apparent upon the face of the record which may be cured and should be cured by a motion to vacate under sec. 5 of chap. 134 of the Code. No writ of error from this court could be had until that motion was made. The judgment of the circuit court, refusing the writ of error and supersedeas to appellants, as well as the judgment of the common pleas court of February 11, 1922, will be set aside and the case remanded with leave to the plaintiff to amend its pleading, if so advised.

*Reversed and remanded.*