## WEST FORK GLASS CO. v. INNES-WELD GLASS CO.

(Circuit Court of Appeals, Fourth Circuit.   March 2, 1910.)

No. 940.

**1. JUDGMENT (§ 184*)—MOTION—NOTICE.**

While all the formalities usual in actions to recover money on contract are not required when the proceeding is by notice and motion, as authorized by Code W. Va. 1906, c. 121, §§ 6, 7, 8, the notice must aver the facts necessary to show jurisdiction and to indicate with reasonable certainty the grounds on which judgment is asked.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 184.*]

**2. COURTS (§ 414*)—FEDERAL COURTS—JURISDICTION.**

The Circuit Court of the United States sitting in West Virginia has not jurisdiction of all suits that could be instituted in the state court by notice and motion for judgment for the recovery of money only on contract, as authorized by Code W. Va. 1906, c. 121, §§ 6, 7, 8, but only of such wherein the facts necessary to establish federal jurisdiction generally appear.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 414.*]

**3. DISMISSAL AND NONSUIT (§ 55*)—FEDERAL COURTS—WANT OF JURISDICTION.**

Where a suit to recover money only on contract was instituted in the federal Circuit Court sitting in West Virginia by notice and motion, as authorized by Code W. Va. 1906, c. 121, §§ 6, 7, 8, but the notice did not show facts essential to confer federal jurisdiction, and there was nothing in the record when a motion to quash the notice was made to show that federal jurisdiction existed, the court erred in refusing to dismiss the action on the theory that such jurisdiction might be subsequently shown and appear from the record as finally made.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Dec. Dig. § 55.*]

In Error to the Circuit Court of the United States for the Northern District of West Virginia, at Wheeling.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the Innes-Weld Glass Company against the West Fork Glass Company. Judgment for plaintiff, and defendant brings error. Reversed.

John W. Davis (Davis & Davis and James W. Ewing, on the brief), for plaintiff in error.

Nelson C. Hubbard (Hubbard & Hubbard, on the brief), for defendant in error.

Before GOFF and PRITCHARD, Circuit Judges, and BOYD, District Judge.

GOFF, Circuit Judge. This writ of error is from a judgment rendered by the court below on the 25th day of September, 1909, in favor of the defendant in error for the sum of $2,500, with interest and costs. The proceeding in the court below was instituted under the provisions of sections 6, 7, and 8 of chapter 121 of the Code of West Virginia 1906, which read as follows:

"6. Any person entitled to recover money by action on any contract may, on motion before any court which would have jurisdiction in an action, otherwise than under the second section of the one hundred and twenty-third chapter of this Code, obtain judgment for such money after thirty days' notice, which notice shall be returned to the clerk's office of such court twenty days before the motion is heard. A motion under this section, which is docketed under the first section of chapter one hundred and thirty-one of this Code, shall not be discontinued by reason of no order of continuance being entered in it from one day to another, or from term to term.

"7. A person entitled to obtain judgment for money on motion may, as to any person liable for such money, move severally against each or jointly against all, or jointly against any intermediate number, and may also move severally against the personal representative of any decedent who in his lifetime was liable alone, jointly or with others; and when notice of his motion is not served on all of those to whom it is directed, judgment may nevertheless be given against so many of those liable as shall appear to have been served with the notice. Such motions may be made from time to time until there is judgment against every person liable, or his personal representative. Defence to such motions may be made in the same manner and to the same extent as in actions at law.

"8. On a motion when an issue of fact is joined, and either party desires it, or when in the opinion of the court it is proper, a jury shall be impaneled."

The defendant in error on the 8th of March, 1909, served on the plaintiff in error a notice in these words:

"To the West Fork Glass Company, Clarksburg, West Virginia:

"Take notice that the undersigned Innes-Weld Glass Company a corporation, by its attorney will, in the Circuit Court of the United States for the Northern District of West Virginia, at the United States courtroom in the city of Wheeling, on Thursday, April 8, 1909, at ten o'clock a. m. or as soon thereafter as it can be heard, move the said court to give judgment against you in its favor for the principal sum of two thousand three hundred and six dollars and forty-two cents ($2,306.42) and accrued interest thereon from April 22, 1907, to the date of judgment.

"The said claim arises under a certain contract made by your predecessor, the Industrial Window Glass Company with H. W. Weld, assignor to the said Innes-Weld Glass Company, dated June 3, 1905, a copy of which contract is hereto annexed. The said claim is for unpaid commissions accruing under said contract up to the said 22nd day of April, 1907, at the rate of two and one-half per cent. upon your net invoices, and the amounts and dates of the several items are known to you and appear fully from your own books.

"This notice is given, and the above motion will be made in pursuance of section 6 of chapter 121 of the Code of West Virginia.

"Innes-Weld Glass Company.
"By Hubbard & Hubbard, Its Attorneys.
"Wheeling, W. Va., March 6, 1909.

"June 3, 1905.

"This memorandum made this 3d day of June, 1905, between the Industrial Window Glass Company, a corporation organized under the laws of the state of West Virginia, of the first part, and H. W. Weld, of the county of Cook of state of Illinois, of the second part, witnesseth: That in consideration that the said party of the second part shall keep the said party of the first part supplied with desirable orders, at the most favored market prices, for the products of their said factory, the said party of the first part hereby agrees to and does appoint the said party of the second part, its exclusive agent to handle its entire glass production, for a period of five years, beginning with the season of 1905 and 1906, upon a commission to be paid by party of the first part to party of the second part of 2½% upon net invoices. And it is further agreed that party of the first part reserves the right, if it chooses, to accept orders direct in the event prices are more favorable than those obtained by party of the second part, subject, however to the right of the party of the second part to his usual commission as herein specified; and it is also further herein agreed that said party of the first part may sell its product direct should the said party of the second part fail to keep party of the first part supplied with orders in accordance with the spirit and terms of this agreement, such orders to be without commission to party of the second part.

"Witness the following signatures this the date and year above written:
"[Signed] Industrial Window Glass Co.,
"By John Koblegard, Prest.
"[Signed] H. W. Weld.

"For value received I hereby assign the above contract to the Innes-Weld Glass Co., Chicago, Ill. [Signed] H. W. Weld.

"The above assignment is ratified herewith.
"Industrial Window Glass Co.,
"Per John Koblegard, President."

This notice, not unusual in the judicial procedure of Virginia and West Virginia, has been held by the courts of those states, as serving the double purpose of the writ and the declaration ordinarily issued and filed in suits at common law instituted in those states. Gordon v. Funkhouser, 100 Va. 675, 42 S. E. 677; Reed v. Gold, 102 Va. 37, 45 S. E. 868; Anderson v. Prince et al., 60 W. Va. 557, 55 S. E. 656. While all of the formalities usual in such actions are not required when the proceeding is by notice, nevertheless the suit is an action at law, and the averments necessary to show jurisdiction and to indicate with reasonable certainty the grounds on which a judgment is asked for are essential. While the courts of the United States will in proper cases entertain suits instituted by virtue of the statutes of the states, still, due regard must be had to the requirements of the federal legislation regarding the jurisdiction of those courts. It is essential that the citizenship of the parties should be of the character required by the acts of the Congress of the United States, and also that the amount in controversy should be as is provided for in that legislation. It follows that the court below has not jurisdiction of all suits that could be instituted in the courts of the state of West Virginia under the sections of the Code referred to, but only of such concerning which the parties are citizens of different states—either the plaintiff or defendant

residing in that district—and the amount in controversy exceeds the sum of $2,000 exclusive of interest and costs.

When the defendant in error asked the court below for judgment, the plaintiff in error moved to quash the notice and the return thereon, on the ground that it did not appear from the notice, or from the record of the proceeding, that the court had jurisdiction thereof. This motion was overruled, the court holding that the "notice need not fully and strictly show the jurisdiction," at the same time announcing that "such jurisdiction must appear from the record as finally made up." Such other proceedings were then taken, as resulted in issue joined, a verdict by the jury for the sum claimed in the notice, and a judgment thereon in favor of the plaintiff below. The writ now under consideration was then asked for and allowed.

We think the court was in error in overruling the motion to quash, as at the time that motion was made, which was in effect a demurrer, there was absolutely nothing before the court, tending to show its jurisdiction, save only the allegation and affidavit relating to the amount in controversy. There was no allegation as to the citizenship of the parties, and it was not shown that either the plaintiff or defendant resided in the Northern district of West Virginia. When a court of the United States finds itself without jurisdiction of a suit it has been entertaining, that moment it should direct that such suit be dismissed. If the facts justify it, amendments alleging jurisdiction may, in the discretion of the court, be allowed. If such facts do not exist, the dismissal follows as matter of course, for then the suit is one that does not really and substantially involve a dispute or controversy properly within the jurisdiction of the court. We are unable to concur in the suggestion that subsequent proceedings in the case, either pleadings or evidence, may be relied on to show jurisdiction. If such a practice be adopted, a court after attention has been called to its evident lack of jurisdiction, could nevertheless retain a case indefinitely, depending on the developments of the future which may eventually fail to establish the necessary jurisdictional requirements.

Defendant in error has called our attention to a number of cases in which it has been held by the Supreme Court of the United States that, where the jurisdiction depends on the citizenship of the parties, it is sufficient if such citizenship is distinctly averred in the pleadings, or appears with equal distinctness in other parts of the record. It will be found that such cases have no application to the case we now consider, in which there is no reference to the citizenship of the parties in the declaration, and where such omission was called to the attention of the trial court by demurrer. If the defect in the pleadings is first noticed in the appellate court, then the record will be searched in order to sustain the jurisdiction, and it is to such cases we have been cited, or to instances in which the court of original jurisdiction erred in its rulings as to the sufficiency of the allegations relating to citizenship and the amount in controversy.

We are not aware of any rule, and do not recall the decision of any court, where in limine, as in this case, the jurisdiction is challenged, that admits of the consideration of other pleadings than those then filed in disposing of that matter, or that defers for future consideration

in connection with testimony yet to be taken, the disposition of the question of jurisdiction raised by a demurrer to pleadings clearly defective. As we decide this case on jurisdictional grounds, we will not discuss other questions raised by the assignments of error.

The judgment complained of will be reversed, with costs, the verdict of the jury will be set aside, and this case will be remanded with instructions to dismiss the notice, unless the court below in its discretion should deem it proper to permit amendments, if plaintiff below submits a motion to that effect.

Reversed.