## CIRCUIT COURT OF THE CITY OF RICHMOND

Cardinal Airlines

v.

McCauley Indus. Corp.

August 6, 1975

Case No. 7169

By JUDGE ALEX H. SANDS, JR.

This matter is before the Court upon defendant's demurrer to the plaintiff's amended motion for judgment.

The ground for the demurrer is that plaintiff's service upon defendant was under the Virginia "Long Arm Statute" (Va. Code § 8-81.2 et seq.) and that the amended motion fails to allege conditions which must exist before the "Long Arm Statute" comes into play. Thus, contends defendant, no jurisdictional grounds have been alleged and the amended motion must fall for this reason.

Plaintiff contends (1) that defendant's attack upon the amended motion cannot be raised by demurrer but must be raised by either motion to quash process or by plea in abatement, and (2) that having demurred prior to filing either a motion to quash or plea in abatement, defendant has appeared generally and waived its right to challenge the service of process.

We are not here concerned with the question of jurisdiction over the *subject matter*. (Here subject matter is an action on implied warranty over which the Court would, of course, have jurisdiction.) Where such is the case, the issue could be raised by demurrer or in any other manner. *Thacker* v. *Hubard*, 122 Va. 379.

On the contrary, defendant challenges jurisdiction over the *person* of defendant because the *basis* for service under the "Long Arm Statute" was not alleged in the motion

for judgment. In essence, this is an attack upon the process, i.e., that defendant is not properly before the Court, not an attack upon the sufficiency of the *cause of action* or the Court's jurisdiction thereover.

Defendant contends, however, that in order to withstand a demurrer, a motion for judgment must contain averments to sustain jurisdiction in every instance. To support this contention, defendant cites 13 M.J., *Motions for Judgment*, § 11. It is true that Michie makes this general statement. But, as is so often true with Michie, the authority cited does not support, in whole, the statement. The sole authority cited in support of the statement is *West Fork Glass Co.* v. *Innes-Weld Glass Co.*, 178 F. 205 (W.Va.). This case involved failure of the motion for judgment to allege *diversity of citizenship* without which, under federal statute, the court had no jurisdiction over the *subject matter*. Such being the case, the jurisdiction could be attacked at any time, in any manner. *Thacker* v. *Hubard, supra.*

It appears that the type of attack here involved must be made by either (a) a motion to quash process, or (b) plea in abatement. *Eure* v. *Morgan Jones & Co.*, 195 Va. 678.

It is accordingly held that this type of attack cannot be made by demurrer but must be made by plea in abatement or motion to quash process.

This being true, Rule 3:6 is a complete answer to defendant's contention. The language clearly states that such plea (or motion) *cannot* be filed after a demurrer has been interposed. The language "such plea or motion is not waived by the *simultaneous* or *subsequent* filing of other pleadings" (emphasis added) necessarily implies that such plea or motion *is* waived by *prior* filing of other Pleadings. Otherwise, the concluding sentence of Rule 3:6 would be meaningless.

For the above reasons, the defendant's demurrer will be overruled.