# CHARLESTON.

HARRY SUPERIOR *v.* ALPHONSE PETERS *et al.*

Submitted April 24, 1923.    Decided June 27, 1923.

1.   FORCIBLE ENTRY AND DETAINER—ACTION OF UNLAWFUL—*Entry and Detainer May be Brought, Docketed and Tried During a Term of Court.*

Under Section 2, Chapter 89, Code, an action of unlawful entry and detainer may be brought, docketed and tried during a term of court.   (p. 378).

2.  FORCIBLE ENTRY AND DETAINER—*Description of Premises Held Sufficient.*

    "Four rooms and bath located on the second floor" of a certain building, which are shown to comprise the entire floor, is sufficient description of the premises in such action. (p. 381).

3.  SAME—*Summons Held Sufficient.*

    A summons in unlawful entry and detainer stating that the defendants "unlawfully withhold from the plaintiff the possession of the premises" sufficiently complies with Section 1, Chapter 89, Code, requiring the summons to set forth that "the defendant is in possession and unlawfully withholds from the plaintiff the premises in question." (p. 381).

4.  SAME—*Possession of Defendants' Sufficiently Shown Where Premises Occupied by One of Defendants and their Tenants.*

    Possession by the defendants at the institution of the action, justifying recovery against them, is sufficiently shown, where it appears that the premises were then occupied by one of the defendants and their tenants. (p. 381).

Error to Circuit Court, Ohio County.

Action by Harry Superior against Alphonse Peters and others. Judgment for plaintiff, and defendants bring error.

*Affirmed.*

*Jno. J. Coniff*, for plaintiffs in error.

*Frank W. Nesbitt* and *Russell B. Goodwin*, for defendant in error.

LITZ, JUDGE:

This writ of error is to the judgment of the circuit court of Ohio county entered July 22d, 1922, on verdict of a jury finding for the plaintiff, in an action of unlawful entry and detainer, the premises described in the summons as follows: four rooms and bath located on the second floor of the building situated on the east side of Main Street, between Elizabeth Street and Market Alley, in the city of Wheeling, known as No. 1048 Main Street, in said city. Prior to April 29th, 1920, the defendant, who held a long term lease for said building, used and occupied the first floor thereof in the conduct of a mercantile enterprise. On that date, by written

agreement, he sold, transferred and assigned to the plaintiff his entire stock of merchandise, together with the lease covering the building. The contract was made subject, however, to the provision: ''Should the said Harry Superior require the use of said second floor for his own business or occupation at any time after two years from the date hereof he shall have the right and privilege of demanding and receiving same upon payment to said Alphonse Peters, of the sum of Seven Hundred Fifty ($750.00) Dollars''. Under this provision, March 31st, 1922, plaintiff tendered to defendant the sum of $750.00, and demanded the possession and use of said second floor for his own business and occupancy.

The summons was issued May 3d, 1922, during the term of court at which the action was tried. On the return day of the summons, May 17th, 1922, defendant objected to the case being placed on the docket for trial at that term on the ground that the court was without jurisdiction, and also moved to quash the summons. The objection and motion were overruled, without exception, and the case set for trial May 31st, 1922. Defendant also objected on the calling of the case, May 31st, to its being tried at that term of court, as the suit had not been brought until after the beginning of the term. Defendants also moved to quash the summons for its failure to state that defendants were in possession of the premises. These motions were overruled and exceptions noted.

The defendants offered no evidence, but rely here for reversal upon a number of technical errors, following:

(1)    The action having been brought during the April, 1922, term of court, was improperly docketed and tried at that term.

Section 2, Chapter 89, Code, provides that the summons in unlawful entry and detainer, authorized under Scetion 1 of said Chapter to be issued by the clerk of the circuit court of the county in which the land, or some part thereof, lies, ''may be returnable to and the case heard and determined at, any term of such court''. This section further provides: ''Such summons shall be served at least ten days before the

return day thereof. If the defendant appear he shall plead to the summons and his plea shall be 'not guilty'. Upon this issue, or upon the return of the first or any subsequent summons 'executed', if defendant fail to plea, a jury shall be impaneled to try whether he unlawfully withholds the premises in controversy. Such cause shall have precedence for trial over all other civil cases on the docket''.

Section 1, Chapter 131, requires: ''Before every term of the circuit court the clerk shall make out a docket of the following cases pending, to-wit: First, cases of the State; and, secondly, motions and actions, in the order in which the notices of motion were filed, or in which the proceedings at rules in the actions were terminated, docketing together as new cases those not on the docket at the previous term. He shall, under the control of the court, set the cases to certain days; and the docket shall be called and the cases on it tried or disposed of for the term in that order, except that the court may for good cause take up any case out of turn.''

Under Section 6, Chapter 121, ''Any person entitled to recover money by action on any contract may, on motion before any court which would have jurisdiction in an action, otherwise than under the second section of the One Hundred and Twenty-third Chapter of this Code, obtain judgment for such money after twenty days' notice, which notice *shall be returned to the clerk's office* of such court fifteen days before the motion is heard.''

The notice under this statute must be returned to the clerk's office before the beginning of the term of court to which it is made returnable, as a prerequisite to the right of trial at such term. *Hale* v. *Chambers,* 13 Gratt., 658; *Knox* v. *Horner,* 58 W. Va. 136, 51 S. E. 979; *Citizens National Bank* v. *Dixon,* 94 W. Va. 21, 117 S. E. 685.

These decisions rest upon the presumed purpose of Section 1, Chapter 131, to promote the orderly dispatch of trials by making eligible for trial only the notices which have been returned to the clerk's office and the actions matured at rules, before the beginning of the term. The defendants assert that unlawful entry and detainer actions provided for

in Chapter 89 also come within the influence of this purpose. The plaintiff in reply contends that the notices and actions required by Section 1, Chapter 131, to be docketed for trial before the beginning of the term do not include unlawful entry and detainer, and that this statute, 'therefore, has no application to such action. The plaintiff further points out the analogy between this action and the summary proceeding, under Section 12, Chapter 83, for the sale of infants' lands, which merely requires ten days' notice for hearing, and insists that it should be governed by the same rules of procedure.

*Montgomery* v. *Economy Fuel Company,* .61 W. Va. 620, held that summons in unlawful entry and detainer may be returnable to any day of the term, notwithstanding Section 2, Chapter 124, requiring (with certain exceptions not covering this action), that any process shall be returned to rules or to the *first day* of the term of court. It is stated in the opinion of the case that Chapter 89, providing for the action of unlawful entry and detainer, was designed as an emergency statute, to give speedy remedy, and that in construing it, there should be kept in mind its real purpose, and given to it that meaning which will conform to the object of its enactment. Then if process in·such action may be returnable to, and docketed on, any day of the term, why can it not be legally issued after the beginning of the term? There is no suggestion in that case that the action was improperly docketed on the sixth day of the term, the day to which the summons was returnable. The summons is not required, like notices under Section 1, Chapter 131, to be returned to the clerk's office.

May 23d, 1922, this Court refused the defendants here a peremptory writ of prohibition, requested for the purpose of prohibiting the circuit court from trying the action at the term of court during which the summons was issued, on the ground that the case was not docketed or brought until after the beginning of such term. It was therefore necessarily decided that the summons is valid, as it appears on its face to have been issued after the beginning of the term.

*Cunard Steamship Company* v. *Hudson, Judge,* 93 West Va. 209, 116 S. E. 511. If the process is valid, the trial has not been premature. The statute contemplates trial on the return day of the summons.

''An action of unlawful entry and detainer, as allowed by said statute, was given as a summary and speedy remedy for redress in the cause specified in the first section of the statute.'' *Moore* v. *Douglas,* 14 W. Va., 708, 729.

(2) The summons should have been quashed for insufficient description of the premises and omission to state that the defendants were in possession.

The premises are described in the summons as four rooms and a bath located on the second floor of a certain building. It is insisted that such description is too indefinite; that the particular rooms should have been identified, or else it should have been stated that the premises comprised all the rooms on the second story of the building. We think the evidence satisfactorily shows that the four rooms and bath comprised the whole of the second floor; and that the point, raised for the first time in this Court, is without merit.

The ground assigned in the circuit court for the motion is also without foundation. The statute requires the summons to state ''that the defendant is in the possession and unlawfully withholds from the plaintiff the premises in question''. We think the statement in the summons that ''the defendants unlawfully withhold from the plaintiff the possession of the premises'' is equivalent to the language used in the statute. The summons, in this respect, follows the form given by Mr. Hogg in his work on Pleading and Forms.

(3) The evidence does not show that the defendants were in possession of the premises at the institution of the suit, and for this reason the peremptory instruction offered in behalf of the defendants should have been given.

We see no foundation for this position. The evidence shows that the defendant Cora E. Hall had charge of the property for the defendant Alphonse Peters, and that she occupied one room and rented the others to other persons who were occupying the same at the institution of the suit.

*Emerick* v. *Taverner*, 9 Gratt. 220, 229. There was therefore no error in the rulings of the court admitting and rejecting instructions complained of upon the theory that the defendants were not shown to have been in possession at the date of the institution of the suit.

Finding no error, we affirm the judgment of the circuit court.

*Affirmed.*