## CHARLESTON.

MARY A. MARTIN et al. v. Z. B. COCHRAN et al.

Sumbitted Sept. 11, 1923.   Decided Sept. 18, 1923.

1.  LIMITATION OF ACTIONS—Summons in Unlawful Entry or Detainer Held not Demurrable for Failure to Aver That Premises Withheld Less Than Three Years Prior to Suing Out.

    A summons in unlawful entry or detainer sued out of the circuit court clerk's office, requiring defendant "to answer the complaint of the plaintiff that the defendant is in the possession and unlawfully withholds from the plaintiff the premises in question," sufficiently describing them, is not demurrable because it fails to aver that defendant had withheld the premises less than three years prior to suing out the summons.   (p 433).

2.  PLEADING—Averment Which May Be Stricken Without Affecting Action or Right not Demurrable for That Reason.

    Any averment in a declaration or other pleading which may be stricken out without affecting the action or right, is surplusage, and does not render the pleading demurrable for that reason.   (p. 435).

Certified from Circuit Court, Taylor County.

Action by Mary A. Martin and others against Z. B. Cochran and others.  The court overruled a demurrer to plaintiffs' summons in unlawful entry and detainer, and certified the questions arising thereunder for review.

*Affirmed.*

*Cornelius C. Davis* and *G. W. Ford,* for plaintiffs.
*Strother & McDonald,* for defendants.

LIVELY, JUDGE:

Defendants demurred to plaintiffs' summons in unlawful entry and detainer; the court overruled the demurrer and certified the questions arising under the demurrer and his action thereon, for review, to this court.

There are two grounds of demurrer:  (1) that the summons does not show that defendants have not withheld the premises over three years prior to the institution of the action; (2) that the summons demands $150.00 as damages

for the detention of the premises while chap. 89 of the Code under which the action is instituted does not provide for damages in such actions.

We have not been cited to any case in the Virginias arising under this statute which holds that the summons, which takes the place of the declaration, must aver that the defendant has withheld the property in controversy less than three years before the institution of the action; nor have we been able to find by diligent search any such decision. In that valuable work, Burks Pleading and Practice (2d ed), sec. 86, the author states that the summons should show on its face that possession has not been held over three years, which is the limitation prescribed by the statute. The reason for so holding is that the action is statutory, and it is believed that the limitation is of the right and not merely of the remedy, and therefore should be pleaded. We are cited to *Lambert* v. *Ensign Mfg. Co.*, 42 W. Va. 813, which was an action arising under sec. 5 of chap. 103 of the Code, for death by wrongful act, and which statute requires "that every such action shall be commenced within two years after the death of such deceased person." The declaration in that case averred that the wrongful death was caused in November, 1892, and the issuance of the writ, which was made a part of the record by oyer, was commenced on the 24th day of January, 1895, more than two years after the wrongful act and in the face of the statute. It appeared from the face of the record that the suit was instituted too late and was subject to demurrer. In the instant case there is nothing in the record to show when the unlawful detainer began. The Lambert case is quite different from the one before us. The commencing of the action within three years from the time of the unlawful entry or detainer is an essential element of the right to sue; and before there can be a recovery it must appear affirmatively. It can be controverted, and if so it becomes a fact to be determined by the court or jury. *Hicks* v. *City of Bluefield*, 86 W. Va. 367. The only plea which the defendant can file under the statute is that of "not guilty," and the question of three years limitation is raised under that issue. This proceeding in the circuit court was designed as a summary and speedy remedy for the recovery of the possession

of property where it is unlawfully detained, and should be construed in consonance with its evident purpose.· *Superior* v. *Peters,* 94 W. Va. 376; 118 S. E. 540; *Moore* v. *Douglas,* 14 W. Va. 708. In *Superior* v. *Peters,* cited, we held that a summons in unlawful entry and detainer which states that "defendants unlawfully withhold from the plaintiff the possession of the premises," sufficiently complies with sec. 1, chap. 89 of the Code, which requires the summons to set forth "that the defendant is in the possession and unlawfully withholds from the plaintiff the premises in question". The statute says that the summons may issue requiring defendant to answer the complaint of the plaintiff, that the defendant is in possession and unlawfully withholds from the plaintiff the premises in question. That is all that the statute in terms requires. The defendant is charged with unlawfully withholding the premises. If defendant has been in possession for more than three years prior to the issuance of the summons, then he does not unlawfully withhold the premises so far as this right of action is concerned. The word "unlawfully" negatives the proposition that defendant has been in possession more than three years. Here is a plain, expeditious, summary remedy for the possession of property, dispensing with the necessity of a declaration, and in which the legislature has practically prescribed a form. Usually the form prescribed for an action in a statutory remedy is sufficient. The forms formulated under this statute by Dr. Minor and Dr. Hogg do not contain the averment that defendant has been in possession less than three years. 4 Min. Inst. 629; Hogg Pleading and Forms 412. We held in *Fisher* v. *Harmon,* 67 W. Va. 619, the opinion being written by Judge MILLER, that under this form of summons evidence of forcible entry, unlawful entry and unlawful detainer might be introduced. The forms prescribed by Minor and Hogg have been used for many years in this jurisdiction without question; the sufficiency has never heretofore been questioned by bench or bar. We are not disposed to disturb this construction given by these eminent text writers, and by the bench and bar over a period of many years. No substantial right is taken from defendant; under the plea required by the statute, that of "not guilty," the defense can be inter-

posed and successfully asserted if that be the fact. Barton says in his Law Practice, Vol. 2, page 1166: "Under the plea of not guilty almost every defence may be made, and since to sustain the action the obligation is ·upon the plaintiff to prove that the defendant has not unlawfully held possession of the land for three years or more before the commencement of the suit, it follows that the plea of not guilty puts in issue the question of the limitation to the action." In *Townley* v. *Rutan*, 21 N. J. Rep. 674, the complaint in an unlawful entry and detainer case was taken from a form furnished in the "New Jersey Justice" which had long been in use. The court said that however defective the form might be, if treated as a technical pleading, yet it had been so long used in practice by the most experienced practitioners, and had received such sanction from the courts, it would not be disturbed. The court said the complaint should not be treated as a technical pleading but as a part of a summary proceeding which will be held sufficient if the requirements of the statute are substantially complied with. We think the allegation in the summons, that defendant is in possession of and *unlawfully* withholds the property in question, is a sufficient compliance with the requirements of the statute to negative the fact that defendant has been in possession of the property sued for, more than three years. It follows that the ruling of the circuit court on the first ground of the demurrer was not erroneous.

Does the demand for damages for the detention render the summons demurrable? We do not think so. The right here sought to be vindicated is possession of the premises, and the damages for the detention thereof is a consequence and is not necessary ·to the substantial right. The statute, chapter 89, does not in terms provide for damages for the unlawful detention. The allegation of damages in a summons may be treated as surplusage. Surplusage does not vitiate a pleading. *Thomas* v. *Electrical Co.*, 54 W. Va. 395. It is not a subject for demurrer. Stephen on Pleadings, 424; *Lydick* v. *B. & O.*, 17 W. Va. 445. We find no error in the action of the lower court in overruling the demurrer, and so answer the questions certified. ·

*Ruling Affirmed.*